Charles O. Tracy, for respondent.

BENEDICT, District Judge. This case comes before the court upon a demurrer to the complaint. The complaint alleges in substance that on April 26th, 1873, the Atlantic National Bank of New York was a national bank duly organized and doing business, and on that day failed, and plaintiff was thereupon appointed receiver of its assets; that the comptroller of the currency has made an assessment upon the shareholders of the bank of one hundred per cent of their shares, and has directed suits to be brought to collect such assessments, and that defendant is a shareholder and has not paid the assessment. Judgment is demanded for the amount of the par value of defendant's stock. The defendant demurs. The only ground of demurrer here insisted on is, that the complaint does not show that one hundred per cent upon the shares of the bank is needed by the receiver, but simply avers that the comptroller of the currency has made an assessment of one hundred per cent upon the shares of the bank, and has directed actions to be brought to collect such assessment.

This question was considered by the supreme court of the United States in Kennedy v. Gibson, 8 Wall. [75 U. S.] 498, and the supreme court there say: "It is for the comptroller to decide when it is necessary to institute proceedings against the stockholders to enforce their personal liability, and whether the whole or a part, and if only a part, how much shall be collected. These questions are referred to his judgment and discretion, and his determination is conclusive. The stockholders cannot controvert it."

It is, however, insisted that this portion of the opinion is obiter and not binding upon this court. I cannot so consider it. The precise question before the court in Kennedy v. Gibson [supra] was whether the bill must contain an averment, that the comptroller of the currency had decided an assessment to be necessary, and directed the suit to be brought. The functions and duties imposed upon the comptroller by the statute were; therefore the precise questions before the court. In deciding that his duties were, so to speak, judicial, in determining upon the necessity of an assessment and of suits to enforce it, the court necessarily decided that his determination on those points would be conclusive. I feel bound therefore by the decision of the supreme court, in that case, here to decide the complaint to be sufficient in respect to the allegation referred to.

STRONG (UNITED STATES v.). See Case No. 16,411.

### Case No. 13,545a.
STRONG et al. v. WIGGINS.
[See 13 Fed. 418.]

### Case No. 13,546.
STRONG MANUF'G CO. v. MERIDAN BRITANNIA CO.[1]
Circuit Court, D. Connecticut. 1876.
PATENTS—PRIORITY OF INVENTION.

In equity.

John S. Beach, for complainant.
O. H. Platt, for respondent.

BY THE COURT. This is a bill in equity, praying for an injunction and an account, and is founded upon a patent for an improved coffin handle, issued to Clark Strong on December 14, 1869, reissued to him on April 22, 1873, and assigned to the plaintiffs on July 7, 1873. That part of the patented device which is alleged to have been infringed consists of a tube, the ends of which are encircled by arms which are hinged to the coffin. The outer ends of the arms form rings which receive the ends of the tube. Tips are forced by pressure into the open ends of the tube, and thus tube, arms, and tips are fastened securely together. The third claim of the patent, which is alleged to have been infringed, is as follows: "Securing the handle, A, to the arms, B. B. by means of the tips, F, driven into the ends of the handle, substantially as set forth." The answer denies that the patentee was the first inventor of the alleged invention, and alleges that William M. Smith was the first inventor of the said improvement. The defendants also deny that they infringe the plaintiffs' patent.

The material question in the case is one of fact, and relates to the priority of invention, for I shall assume that the handles which are made by the respective parties are substantially alike in construction. It is conceded by the plaintiffs that the invention of Mr. Strong does not antedate June, 1869. Evidence was introduced by the defendants to show that their handle was not only invented, but sold, prior to that date; but it was proved to my satisfaction that the witness was mistaken in the impressions which he had in regard to the sale, and that in all probability the defendants' structure was not put into market until after June, 1869. It is equally clear that Mr. William M. Smith, the foreman in the coffin-trimming department of the defendants' business, conceived in the summer of 1868 the idea of manufacturing a tubular handle, the parts of which were to be put together and secured by pressure; that the models, tubes, and arms were made in the fall of that year; that a wooden machine was made in the same fall, by which the tips were forced into the tubes by mechanical pressure. The existence of this machine is clearly proved. I am also satisfied that in January, 1869, the invention had passed beyond the region of experiment, and had become embodied in a complete and perfect

[1] [Not previously reported.]